IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIA TERESA MORAN, | * | |
| Plaintiff, | * | |
| | | Civil Action No. 8:23-cv-01751-PX |
| v. | * | |
| ANA G. MENDEZ UNIVERSITY, | * | |
| Defendant. | | |
| | * | |
| | *** | |

## MEMORANDUM ORDER

Pending in this breach of contract case is Defendant Ana G. Mendez University's ("AGMU") motion to vacate clerk's entry of default. ECF No. 20. The motion has been briefed; Plaintiff Maria Theresa Moran ("Moran") has responded (ECF No. 21), and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted.

Moran filed her Complaint on June 28, 2023, alleging breach of contract arising from AGMU's failure to provide certain accommodations to Moran in connection with its nursing program. ECF No. 1. The Court granted Moran's motion to proceed in forma pauperis on August 10, 2023, and ordered the United States Marshals Service to effect service of process on AGMU. ECF No. 4. The Court supplied to Moran instructions for how to effect service on a corporation pursuant to Federal Rule of Civil Procedure 4(h). *Id.* Thereafter, AGMU appeared to have been served, as the summons was returned executed on September 29, 2023. ECF No. 7.

On October 26, 2023, Moran moved for default judgment based on AGMU's purported failure to respond or answer the Complaint. ECF No. 8. The Court subsequently denied Moran's request for default judgment without prejudice because it turned out that AGMU was not properly served. ECF No. 12. The Court reminded Moran about her service obligations

under Rule 4(h) and provided Moran a link to the Florida Division of Corporations, where she could obtain information related to service of AGMU.  *Id.*  The Clerk reissued the summons on February 21, 2024, ECF No. 13, and it was returned executed on March 11, 2024 after service on March 4, 2024.  ECF No. 15.  The United States Marshals Service form listed the defendant as "Ana G. Mendez University President: Jose F. Mendez or his secretary/representative" and included an address located in Puerto Rico.  *Id.*  The certified mail return receipt reflected that an individual named "Pablo" had signed for the delivery of the summons and Complaint at an address in Puerto Rico.  *Id.* at 2.

After AGMU failed to respond, the Clerk entered default under Rule 55(a) on September 20, 2024.  On October 21, 2024, AGMU next moved to vacate the order of default, arguing that the service had been improper.  ECF No. 20.  AGMU specifically contends that the Marshals Service form named the wrong defendants; that the papers were not served on an individual authorized to receive service on behalf of AGMU; and the address to which the papers were served had not been that of AGMU.  *Id.*

Rule 55(c) allows the Court to set aside the Clerk's entry of default for good cause.  Fed. R. Civ. P. 55(c).  The Fourth Circuit has announced a "strong policy that cases be decided on their merits."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).  "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Id.*  Six factors guide the analysis: (1) whether the movant has a meritorious defense, (2) whether the movant acted with reasonable promptness, (3) whether the movant bears personal responsibility for the entry of default, (4) any

prejudice to the non-moving party, (5) any history of dilatory action, and (6) the availability of lesser sanctions short of default judgment. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

First, AGMU has demonstrated it has a meritorious defense to the allegations. A meritorious defense must be more than a conclusory statement of fact and must "permit a finding for the defaulting party." *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013); *see Wainright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). AGMU has demonstrated that it will front several meritorious defenses to the breach of contract claim, including pleading defects and substantive defenses to the allegations. ECF No. 20 at 7–8. Because AGMU has established the existence of meritorious defenses, the first factor tilts in its favor.

Next, as to whether AGMU acted promptly, the Clerk's Order of Default set for AGMU thirty days from September 20, 2024, for AGMU to move to vacate its entry. ECF No. 17. AGMU filed its motion on October 21, 2024, the first business day after the thirty-day window. Thus, the motion is timely.

As for the remaining factors, the delay in AGMU's response is attributable largely to Moran's defective service. By contrast, nothing suggests that AGMU approached the litigation with intent to delay the proceedings. Nor has Moran shown any prejudice arising from the delay. Lastly, the delay in responding to the Complaint appears not to be AGMU's fault, but the product of improper service. Thus, AGMU deserves no sanction at all. AGMU stands ready and able to litigate this case.

Thus, for the foregoing reasons, and on this 5th day of May 2025, in the United States

District Court for the District of Maryland, it is hereby ORDERED that,

1. The Motion to Vacate Order of Default filed by Defendant Ana G. Mendez University (ECF No. 20) is GRANTED; and

2. The Defendant shall answer or otherwise respond to the Complaint by no later than 14 days from the date of this Order.

<div style="display: flex; justify-content: space-between;">

May 5, 2025  
Date

/s/  
Paula Xinis  
United States District Judge

</div>