IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIA TERESA MORAN, | * | |
| Plaintiff, | * | |
| | | Civil Action No. 8:23-cv-01751-PX |
| v. | * | |
| ANA G. MENDEZ UNIVERSITY, | * | |
| Defendant. | | |
| | * | |
| ***  | | |

## MEMORANDUM ORDER

Pending in this breach of contract case is Defendant Ana G. Mendez University's ("AGMU") Motion to Quash Service of Process. ECF No. 26. The motion has been briefed; Plaintiff Maria Teresa Moran ("Moran") has responded (ECF No. 28), and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted.

Moran filed her Complaint on June 28, 2023, alleging breach of contract arising from AGMU's failure to provide certain accommodations to Moran in connection with its nursing program. ECF No. 1 at 4. The Court granted Moran's motion to proceed in forma pauperis on August 10, 2023, and ordered the United States Marshals Service (U.S.M.S.) to effectuate service of process on AGMU. ECF No. 4. The Court supplied to Moran instructions for how to effectuate service on a corporation pursuant to Federal Rule of Civil Procedure 4(h). *Id.*

Thereafter, AGMU appeared to have been served, as the summons was returned executed on September 20, 2023. ECF No. 7. AGMU however failed to timely answer or respond to the Complaint, so Moran moved for default judgment on October 26, 2023. ECF No. 8. The Court denied the motion because AGMU, in fact, had not been properly served. ECF No. 12. Once again, the Court reminded Moran about her service obligations under Rule 4(h). *Id.* Further,

because Moran had sued AGMU, a corporate entity located in Florida, the Court included a link to the Florida Division of Corporations so that Moran could identify the resident agent on whom service was to be effectuated. *Id.*

On February 21, 2024, the Clerk reissued the summons, ECF No. 13, which the U.S.M.S. returned as executed on March 11, 2024. ECF No. 15. This time, Moran listed on the service of process form the Defendant as "Ana G. Mendez University President: Jose F. Mendez or his secretary/representative" and included an address located in Puerto Rico. ECF No. 15. The return-receipt reflected that the summons and Complaint had been mailed via certified mail restricted delivery, and an individual named "Pablo" signed for it. *Id.* at 2.

AGMU again failed to respond to the Complaint, so the Clerk entered default under Rule 55(a) on September 20, 2024. ECF No. 17 & 18. On October 21, 2024, AGMU next moved to vacate the order of default, ECF No. 20, which this Court granted, in part because of Moran's defective service of process. ECF No. 25 at 3. AGMU now moves to quash service of process altogether. ECF Nos. 26 & 27. Because the service was again defective, the motion is granted.

As Moran well knows, Rule 4(h) governs service on a corporation. *See, e.g.* ECF Nos. 4 & 12. Pursuant to the rule, service must be effectuated *either* "in the manner prescribed by Rule 4(e)(1) for serving an individual" *or* "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Moran has done neither.

First, Moran did not deliver the summons and Complaint on an authorized agent for the Florida corporation that is the real party in suit.[1] Moran, instead served what appears to be a

---

[1] The Florida Division of Corporations identifies AGMU as active domestic corporation with a resident agent. *See* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=ANAGMENDEZUNIVERSITY%20N210000096340&aggregateId=domnp-n21000009634-0a4e0669-466d-4bbc-9361-d0705d8e7445&searchTerm=Ana%20G%20Mendez%20University

separate, parent entity located in Puerto Rico.  ECF No. 27-1.  A contractor for AGMU's parent company, Pablo Aldea Velazquez, accepted service.  ECF No. 27-2 at 1.  But because Velazquez is not an authorized agent to accept service for the AGMU corporate entity in Florida, service is plainly insufficient under Rule 4(h).  *See also* ECF No. 27-2 at 2 (stating Mr. Velasquez "has not been granted authority and does not have authority to accept services of process on behalf AGMU.").

Nor did Moran comply with Rule 4(e)(1) which allows service on a corporation to be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  The entity that must be served is the one Moran has sued—AGMU located in Florida.  *See* ECF No. 1 at 2.  Whether looking to the Maryland or Florida service rules, both permit service on the resident agent.  *See* Md. Rule Civ P. 3-124(d) (stating that service on a corporation may be effectuated by serving the "resident agent, president, secretary, or treasurer," and if none exists or good faith efforts failed, then "service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.")  *See also* Fla. Stat. Ann. § 48.081(2) (2023) ("A domestic corporation or a registered foreign corporation may be served with process required or authorized by law by service on its registered agent designated by the corporation.").  Both rules also provide for clear alternatives in lieu of service on the resident agent.  *See* Md. Rule Civ P. 3-124(d) & Fl. St. § 48.081(3) (2023).  Moran, however, did not serve the resident agent, nor did she attempt to comply with the applicable state service requirements.  Because service is insufficient, the motion to quash is GRANTED.

---

&listNameOrder=ANAGMENDEZUNIVERSITY%20F180000019331.

Again, the Court recognizes that Moran proceeds pro se, and she has most recently expressed being "confused" at the service requirements. ECF No. 28 at 1. Accordingly, the Court will grant Moran **one final** opportunity to perfect service. Moran, however, is reminded that effectuating proper service is not a mere technicality. *Id.* at 2. It cuts to the heart of due process and must be carried out with requisite care. *See, e.g.*, *Brown v. Am. Inst. for Research,* 487 F. Supp. 2d 613, 614 ("[V]alid service of process is essential to the concept of due process, and when it has not been effected, the due processes of the law cannot even begin.").

To that end, the Court has included the direct link to the Florida Division of Corporations page for AGMU, *see infra* n.1, which identifies the resident agent presently listed for the corporation. This Order also, once again, identifies the relevant service rules with which Moran must comply. Moran must do the rest. Future failure to effectuate proper service will result in dismissal of the Complaint without prejudice.

Accordingly, it is this 2nd day of February 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Ana G. Mendez University's Motion to Quash at ECF No. 26 is **GRANTED**;
2. The Clerk **SHALL MAIL** a copy of this Order, together with one copy of the U.S.M.S service of process and summons forms to Plaintiff Maria Teresa Moran;
3. Plaintiff **IS GRANTED TWENTY-ONE (21) days** from the date of this Order in which to complete the U.S.M.S and summons forms and return them to the Clerk. Plaintiff is cautioned that the failure to return the completed U.S.M.S. and summons forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the Court;

4. Upon receipt of the U.S.M.S. form, the Clerk **SHALL ISSUE** summons and forward same together with the Complaint, the U.S.M.S. forms, and a **COPY OF THIS ORDER** to the U.S.M.S.; and

5. The U.S.M.S **IS DIRECTED** to effectuate service of process on Defendant at the address provided by Plaintiff.  The Court expressly **AUTHORIZES** the U.S. M.S. to use the U.S. Postal Service delivery to effectuate service, but must do so by **RESTRICTED DELIVERY, CERTIFIED MAIL**.

<u>February 2, 2026</u>                                           <u>         /s/                      </u>
Date                                                                          Paula Xinis
                                                                                   United States District Judge