**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARIA TERESA MORAN, | * | |
| Plaintiff, | * | Civil Action No. 8:23-cv-01751-PX |
| v. | * | |
| ANA G. MENDEZ UNIVERSITY, | * | |
| Defendant. | * | |

***

**MEMORANDUM ORDER**

Pro se Plaintiff, Maria Theresa Moran, sues her alma mater, Ana G. Mendez University ("AGMU"), for breaching a settlement agreement reached in connection with Moran's education. ECF Nos. 1 & 14. AGMU now moves to dismiss the Complaint. ECF No. 35. The Court needs no hearing. *See* D. Md. Loc. R. 105.6. For the following reasons, AGMU's motion to dismiss is denied, and the Court will appoint counsel to represent Moran going forward.

The Court takes the Complaint facts as true and most favorably to Moran as the nonmovant. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Moran proceeds pro se and it appears that Spanish, not English, is her native tongue. *See* ECF No. 1; ECF No. 14. According to her Complaint, supplemented once, Moran had been enrolled in the nursing program at AGMU's Capitol Area Campus located in Silver Spring, Maryland. ECF No. 1 at 5. In 2019, Moran filed a formal charge with the Maryland Office of Human Rights and Maryland Higher Education Commission in which she accused AGMU of failing to accommodate her learning disabilities, alongside discrimination and retaliation allegations. ECF No. 1-3 at 1. In March 2020, AGMU and Moran reached a settlement agreement in which AGMU agreed to readmit Moran to the Bachelor of Science in Nursing program, allow her to take the courses she did not pass, and

provide her with accommodations to address her learning differences. ECF No. 1-3 at 7–8. AGMU also agreed to waive Moran's tuition and fees for the summer semester during which she would retake the nursing courses that she failed. *Id.* at 8. Further, if Moran successfully applied for a special government program for the 2020-21 school year, AGMU would waive tuition and fees for up to two additional semesters. *Id.*

Moran returned to AGMU for the summer semester in 2020 to retake classes. ECF No. 1-3 at 6; ECF No. 14-6. Moran contends AGMU did not give her the agreed-upon accommodations and then closed its Capital Area Campus in December 2020. *See* ECF No. 1-3 at 5; ECF No. 14-4; ECF No. 14-5. The notice of the campus closure advised Moran, as it did all students, that AGMU would help students transfer to a "partner institution"; that all records would be transferred to a secure server; and that the U.S. Department of Education provides a "closed school loan discharge process." ECF No. 1-3 at 5; ECF No. 14-5.

Moran, in turn, transferred to one of the partner schools, Bryant Stratton College in Richmond, Virgina. ECF No. 1 at 4. Moran contends that in the transfer, she did not receive the promised tuition assistance and had to take out loans to cover the cost of her education. *Id*. Nor were her credits for the AGMU nursing courses transferrable. *Id.* Moran now sues AGMU for breach of the settlement agreement for failing to provide the agreed-upon accommodations and promised restitution. *Id*. Moran pleads loss of tuition and related expenses as damages, as well as lost employment opportunity arising from the delay in obtaining her degree. *Id*.; *see also* ECF No. 14 at 7.

AGMU moves to dismiss the Complaint for lack of subject matter jurisdiction, because the cause of action is time-barred, and because it fails on the merits. ECF No. 36 at 8–11.

The Court must first satisfy itself that it retains subject matter jurisdiction to hear the claim. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Thus, viewing the facts most favorably to the plaintiff, *Lovern*, 190 F.3d at 654, dismissal is warranted where the complaint fails to make plausible this Court's jurisdiction. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

For diversity jurisdiction, the Complaint must aver sufficient facts to show the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). The Court must construe its own jurisdiction narrowly, resolving any doubts against the invocation of jurisdiction. *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

AGMU does not dispute that diversity of citizenship exists. *See* ECF No. 36. Rather, AGMU contends solely that the Complaint fails to plead damages exceeding the $75,000 jurisdictional threshold. ECF No. 36 at 6. But Moran has averred damages arising from the breach of contract, including the cost of the tuition she did not receive under the agreement, the cost of related educational expenses, expenses associated with the comparative increase in tuition due to the transfer, and lastly, the cost of lost employment opportunities arising from the deferral of her nursing degree associated with the breach. ECF No. 1 at 4; ECF No. 14 at 6. Facially, Moran alleges damages more than $75,000. *Id*. Thus, the Court retains diversity jurisdiction.

Next, as to the sufficiency of the contract claim, AGMU argues that the claim is time-barred. Statute of limitations is an affirmative defense that must be pleaded in the answer and

proven by the defendant at trial. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007). Customarily, a limitations defense is fact intensive, and thus, more appropriately considered on a motion for summary judgment. *See CSX Transp., Inc. v. Gilkison*, 406 F. App'x. 723, 730 (4th Cir. 2010). However, limitations may be resolved on a motion to dismiss only when "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

In Maryland, a breach of contract claim must be filed within three years after the cause of action accrues. Md. Code Ann. § 5-101. Moran avers, essentially, that AGMU breached the agreement in failing to provide the requisite accommodations for the summer semester of 2020, and for failing to honor the tuition and other related obligations set forth in the agreement for the 2020-2021 school year. ECF No. 1 at 4. She filed this action fewer than three years after the summer semester ended, on June 23, 2023. Thus, the contract claim is timely.

AGMU's arguments to the contrary are unavailing. AGMU seems to suggest that the breach claim accrued when the summer semester *began* in the third week of May 2020. ECF No. 36 at 8. This makes little sense. A failure to accommodate one's academic disabilities in any given semester is plausibly continuous, ongoing, and does not ultimately accrue until the semester is well underway, if not at its conclusion. To artificially demand that Moran be deemed to have known of the cause of action on the first day of class is not a reasonable construction of limitations. And in any event, given that limitations is an affirmative defense best suited to resolution on summary judgment, the Court denies dismissal on this basis.

Next AGMU contends that to the extent Moran asserts a standalone failure to accommodate claim for the alleged denial of accommodations, the claim is likewise time barred. ECF No. 36 at

9. For this contention, AGMU asserts the failure-to-accommodate cause of action had not been raised until the "amended complaint" Moran filed. *Id.* But Moran did not amend her complaint; she instead filed a supplement with additional information. ECF No. 14. In any event, even if the Court gives the Complaint a most charitable reading, Moran frames all allegations as arising under a breach of contract theory. *See, e.g.*, ECF No. 1 at 3-5. She did not otherwise allege a separate statutory cause of action. *Id.; see also* ECF No. 14 at 7 (framing the claim as "breach of contract" and did not include a standalone Americans with Disabilities Act ("ADA") claim). Accordingly, while the breach of contract claim concerns the failure to provide reasonable accommodations in compliance with the ADA as promised, it cannot fairly be read at this juncture as a standalone claim.[1] Thus, the Complaint proceeds solely on a breach of contract theory.

A final word on this case. It has been mired in procedural difficulties for nearly three years. The Court suspects that Moran, who proceeds pro se and who is a native Spanish speaker, may be encountering difficulties bringing her claim without counsel. The Court envisions that her difficulties will only increase in the next phase of litigation. Moran also proceeds in forma pauperis. ECF No. 2. Accordingly, the Court will appoint counsel to represent Moran at no cost to her.

Within 30 days from this Court's Order appointing counsel, the Court will hold a recorded status conference to discuss next steps, to include whether Moran wishes to move for leave to amend the Complaint; whether the parties wish to engage in early mediation with a United States

[1] Nor does the Court construe the other allegations regarding AGMU's poor treatment of Moran as a standalone claim. ECF No. 36 at 10–11. To the extent Moran requests this Court construe the Complaint to include a statutory disability-related claim, ECF No. 44 at 2–3, that request is denied. The Court may not consider facts averred outside the four corners of the pleading. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013) (citation omitted). And the Complaint along with the supplement, most charitably read, do not make plausible the cause of action.

Magistrate Judge, or whether the parties wish to engage in formal discovery after AGMU files its answer. The Court otherwise suspends filing deadlines pending the recorded status conference.

So ordered.

September 30, 2026
Date

/s/
Paula Xinis
United States District Judge